OPINION
Defendant-appellant, Joseph Hogan, appeals from the judgment of the trial court which found him to be a sexual predator. On appeal, defendant raises ten assignments of error, nine of which challenge the constitutionality of Ohio's sexual predator law. The first argument was addressed and rejected by the Ohio Supreme Court, State v. Cook (1998), 83 Ohio St.3d 404, and this court recently rejected eight others, State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. For purposes of this opinion, therefore, we need address only the third assignment of error, which challenges the substance of the trial court's sexual predator determination for defendant. For the reasons that follow, we find the record provides clear and convincing evidence to support the sexual predator label and affirm the judgment of the trial court.
Defendant's first assignment of error argues that H.B. 180 was unconstitutional as an ex post facto law and states as follows:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
This argument was recently rejected by the Ohio Supreme Court inCook. Accordingly, this assignment is overruled.
Assignments of error number two and four through ten raise other constitutional arguments as follows:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
In State v. Ward, supra, this court, relying upon State v.Cook, supra, rejected the identical argument raised in each one of these assignments. We agree with Wards analysis of these issues and overrule the above eight assignments of error in the case at bar.
The remaining assignment of error is the third, which challenges the substance of the trial court's determination that defendant is a sexual predator. This assignment states as follows:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Regarding the standard to be applied when reviewing the merits of a sexual predator determination, this court recently stated as follows:
 A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offenders sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *
 The statute requires the court to find by clear and convincing evidence that an offender is "likely to" commit a sexually oriented offense in the future. Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future.
 The factors the court must consider when making a sexual predator determination are set forth in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
 When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). "The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings." Cook, 83 Ohio St. 3
d at 426.
Ward, at 8-10.
In Ward, this court, reversing a determination that the defendant was a sexual predator, warned that the single conviction of defendant may not be enough. The court noted that the state had to demonstrate that the defendant was "likely to engage in the future in one or more sexually oriented offenses." This court stated as follows:
 But simply committing a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is "likely to engage in the future in one or more sexually oriented offenses." Had the legislature intended the result argued by the state, it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
Ward at 12. The Ward court concluded that, although defendant's single conviction presented support for some of the factors enumerated in R.C. 2950.09(B)(2) (for example, the age of the victim, defendant's cruelty during the offense, and the offense itself), the evidence did not show by clear and convincing evidence that defendant, more likely than not, is predisposed to commit another sexually oriented offense. Finally this court noted in Ward that the trial court did not review the presentence report and remanded the case and directed the court to consider the record available.
As in the sentencing procedure, the defense in a sexual predator hearing should be permitted to present witnesses and to cross-examine the prosecutor's witnesses. Both sides may wish to present experts to examine the defendant and his record and give an opinion on the likelihood that additional sexually oriented offenses will be committed. The defense should be afforded the opportunity to present such testimony. Especially, if the defendant is currently incarcerated elsewhere, the trial court must provide ample time to allow both the prosecutor's office and defense counsel to obtain experts, provide them with defendant's record, make defendant available for examination, and prepare for such testimony.
Finally, it is difficult for defense counsel to determine how to proceed without some indication from the prosecution as to the evidence it intends to present. of the first tier of cases this panel saw, it is obvious that the prosecutor's office did not have an opportunity to provide that direction because the trial judge preempted the role of the prosecutor in presenting evidence. of the limited cases this court initially received, we observe that the trial court, independent of the prosecutor's presentation, usually reviews a presentence report, if one is prepared. In many of the cases, neither defense counsel nor the prosecutor ever saw this report. In one case the prosecutor was unaware of defendant's three prior convictions, and defense counsel knew of only one. In some cases, no presentence report was ever prepared. In none of the cases this panel reviewed was a presentence report filed in the record.
In the case at bar on the day of oral argument, the prosecutor moved to add to the record a "Sexual Predator Screening Report." This document summarizes the factors upon which the correctional/penal institution decided to select an inmate for possible classification as a sexual predator. Some cases include this summary form along with a cover letter in the record; many do not. If the trial judge relies upon this report, it should be included in the record.[1]
In the case at bar the judge referenced only a presentence report as the source of his information, nothing more. No presentence report was included in the record. Moreover, this court was advised by the Probation Department that no presentence report was ever prepared — a fact which both the public defender and the prosecutor confirmed in oral argument.[2]
Fortunately, the record includes this court's earlier opinion, which sets forth the facts of defendant's most recent conviction.[3] In State v. Hogan (June 8, 1995), Cuyahoga App. No. 66965, unreported, this court affirmed defendant's conviction for two counts of felonious sexual penetration, two counts of gross sexual imposition, and one count of rape. These crimes of sexual abuse were committed against defendant's two daughters between June 1, 1990 and May 22, 1991. At the time the children first reported the offenses, one child was four and a half; the other was thirty-nine months.[4] The opinion details the testimony of the girls as well as physical evidence of abuse (for example, numerous scars) supporting the conviction.
We are aware that in Ward this court warned that a single conviction for a sexual crime may not suffice to declare a person to be a sexual predator. In the case at bar, however, the single conviction was for five counts of sexual abuse against two different victims over a period of time. Thus, because of the very young age of the two victims, the frequency of the sexual abuse, and the evidence of scars on both children, there was clear and convincing evidence to classify defendant as a sexual predator. Accordingly, defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, PRESIDING JUDGE.
[1] It is not clear what sources are relied on in these reports. As a summary of convictions, this report might be convenient. However, when the report provides details beyond the convictions, the court is confronted with the problem of determining the reliability of those details.
[2] The prosecutor explained in oral argument that a " post-sentence report" was prepared in this case. However, not the prosecutor, not the defense counsel, and not even this court viewed any such document, and none was included in the record.
[3] The trial judge, however, did not reference this document when he explained his decision.
[4] One was born in 1986, the other in 1988.
KENNETH A. ROCCO, J., and
ANNE L. KILBANE, J., CONCUR.